BETTY WRIGHT BRUMFIELD v. CARL ALVIN BRUMFIELD, SR.

No. 7721DC42

(Filed 19 October 1977)

**Divorce and Alimony § 24— children in wife's custody—support properly required from husband**

Evidence was sufficient to support findings by the trial court and the findings supported his conclusion that defendant should pay past and future child support for his two children in plaintiff's custody.

APPEAL by defendant from *Sherk, Judge.* Order entered 21 October 1976 in District Court, FORSYTH County. Heard in the Court of Appeals 30 September 1977.

This proceeding was originally instituted in 1973 and resulted in an order on 12 October 1973 granting plaintiff custody of five children born of the marriage between the parties and requiring that defendant pay $60 per week child support to be increased by the sum of $78 per month in one year after a mortgage payoff. On 5 August 1976 plaintiff filed a motion alleging changed circumstances and asking the court to order payment of child support arrearages plus future child support payments. Defendant answered, asking that plaintiff's motion be dismissed.

Plaintiff testified that five children were born of the marriage: Pat, 18, Drema, 15, Lendy, 13, Carl, 7 and William, 5. After the October 1973 court order she had custody of the children, but in August of 1974 the children went to live with defendant. In January 1975 Lendy came back to live with her, and at that time she asked defendant to resume paying a proportionate share of child support. In June 1975 Drema came back to live with her, and at that time she asked defendant to pay a proportionate share of child support. The defendant has paid her no support for Lendy or Drema since they returned to live with her. Plaintiff remarried in 1975. Her net pay averages $70 per week. Her present family consists of herself, her husband and the two children.

Defendant testified that his present living expenses total about $700 per month. Defendant is a partner in a mobile home service and is paid a salary of $125 per week. He has custody of the two younger children born of the marriage to plaintiff. He is now remarried and has one child of the present marriage, and his

Brumfield v. Brumfield

present wife has four children of her previous marriage, all of whom reside with him.

The court made findings of fact and ordered defendant to pay to plaintiff $750 in arrearages, and to pay $25 per week per child for the support of the minor children in the custody of plaintiff. Defendant appealed.

*Wilson and Morrow by John F. Morrow for plaintiff appellee.*

*H. Glenn Pettyjohn for defendant appellant.*

HEDRICK, Judge.

Defendant contends the court erred in ordering him to pay past and future child support for the two children in plaintiff's custody. He argues that the court did not properly consider his ability to pay, his living expenses, his other support obligations and the needs of the children in his custody. He contends that the court grossly abused its discretion by considering only the needs of the two children in plaintiff's custody and ignoring the other children born of the marriage as well as the other dependents of defendant.

We have carefully examined all the findings of fact made by the trial judge, and the conclusions of law drawn therefrom. The critical findings are supported by the evidence, and these findings support the order entered. We find no abuse of discretion by the trial judge. The order appealed from is affirmed.

Affirmed.

Judges BRITT and MARTIN concur.